| | AUSA: | Michael Taylor | Telephone: | (313) 226-9516 |
| AO 91 (Rev. 11/11)  Criminal Complaint | Task Force Officer: | Raylan Hill, A.T.F. | Telephone: | (313) 202-3450 |

# UNITED STATES DISTRICT COURT
### for the
### Eastern District of Michigan

United States of America
  v.
Antonio Capozzoli

Case No.

Case: 2:21−mj−30492
Assigned To : Unassigned
Assign. Date : 10/19/2021
Description: RE: SEALED MATTER
(EOB)

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ September 2, 2021 _____ in the county of _____ Wayne _____ in the _____ Eastern _____ District of _____ Michigan _____ , the defendant(s) violated:

| Code Section | Offense Description |
| --- | --- |
| 18 U.S.C. § 922(g)(1) | Felon in possession of a Firearm |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

*Raylan Hill*
*Complainant's signature*

Task Force Agent Raylan Hill, A.T.F.
*Printed name and title*

Sworn to before me and signed in my presence
and/or by reliable electronic means.

Date: _October 19, 2021_____

City and state: _Detroit, Michigan_____

*Judge's signature*

Hon. David R. Grand, U.S. Magistrate Judge
*Printed name and title*

## <u>AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT</u>

I, Task Force Officer Raylan Hill, being first duly sworn, hereby depose and state as follows:

## I.   INTRODUCTION

1.    I have been employed as a Task Force with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) since July of 2020. I am an "investigative or law enforcement officer of the United States" within the meaning of Title 18, United States Code, Section 2510(7), and I am empowered by law to conduct investigations and make arrests of offenses enumerated under federal law.

2.    I have had extensive training with the Detroit Police Department (DPD) where I have been a Police Officer since 2017. During my time at ATF, I have authored arrest warrants on the state level and have executed numerous search warrants and participated in undercover deals in a surveillance capacity.

3.    During my employment with ATF, I have participated in numerous criminal investigations focused on firearms, armed drug tracking violations, and criminal street gangs. I have utilized a variety of investigative techniques and resources, including physical and

1

electronic surveillance,  various types of informants, and cooperating sources.

4.      I have personal knowledge or have been provided by other law enforcement officers with the facts set forth herein.  I have not included each and every fact known to me concerning this investigation; rather I have set forth only the facts necessary to establish probable cause that Antonio CAPOZZOLI violated Title 18 USC 922(g)(1) felon in possession of a firearm.

## II.    BACKGROUND

5.      During the first week of September, 2021, ATF and the Detroit Police Department investigated Antonio CAPOZOLLI (XX/XX/92) for violations of federal firearm laws.

6.      I reviewed a Computerized Criminal History (CCH) of CAPOZOLLI and determined that CAPOZOLLI has been convicted of the following felony offenses:

- 2014 - Controlled Substance – Possess (Cocaine, Heroin, or Another Narcotic) Less than 25 Grams

- 2015 - Controlled Substance – Delivery/Manufacture (Cocaine, Heroin, or Another Narcotic) Less than 50 Grams

- 2015 - Controlled Substance – Possess (Cocaine, Heroin, or Another Narcotic) Less than 25 Grams

7.     There is probable cause that on September 2, 2021, CAPOZZOLI knew he had been convicted of an offense punishable by more than one year of imprisonment because he was previously sentenced to 18 months to 5 years in prison for his 2015 – Controlled Substance - Delivery/Manufacture conviction.

### III.    PROBABLE CAUSE

8.     On September 2, 2021, at approximately 10:44pm, DPD Officers were on patrol traveling eastbound on 8 Mile Road from Gratiot. Officers observed CAPOZZOLI standing on the sidewalk near the bus stop on the south side of 8 Mile Road. Officer Van Sickle observed a handgun grip protruding from CAPOZZOLI`s waistband. Officer Macdonald asked CAPOZZOLI if he had a concealed pistol license (CPL) and CAPOZZOLI stated "no." Officers then arrested CAPOZZOLI for carrying a concealed weapon.

9.     During the arrest, officers seized a black Taurus G2GC, 9mm pistol loaded with 12 rounds of ammunition from CAPOZZOLI's waistband.

10.    While in the back of the police vehicle, without being questioned, CAPOZZOLI stated he has been to prison and is a felon. CAPOZZOLI stated that due to his felony record, he cannot get a gun in his name and that he had his girl get it and borrowed the firearm from her because he was "out there on the streets."

11.    ATF Special Agent Mark Davis, an expert in the interstate nexus of firearms, was advised of the seizure of the Taurus G2GC 9mm pistol. SA Davis's determined that the Taurus G2GC 9mm pistol is a firearm as defined under 18 U.S.C. § 921 and was manufactured outside the state of Michigan and therefore traveled in and affected interstate commerce.

## IV.    CONCLUSION

12.    Based on the above facts, probable cause exists that CAPOZZOLI, a previously convicted felon, knowing that he was previously convicted of an offense punishable by more than one year of imprisonment, knowingly possessed a firearm that had travelled in or affected interstate commerce, in violation of 18 U.S.C. § 922(g)(1).

Respectfully submitted,

_____
*Raylan Hill*
Raylan Hill
Task Force Officer
Bureau of Alcohol, Tobacco,
Firearms and Explosives

Sworn to before me and signed in my presence
and/or by reliable electronic means.

_____
Hon. David R. Grand
United States Magistrate Judge

October 19, 2021